**Jeffrey Prince BRADLEY, Petitioner–Appellant,**

v.

**James M. SCHOMIG, et al., Respondents–Appellees.**

No. 05–15781.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided June 20, 2006.

Debra A. Bookout, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: NOONAN, SILER,* and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Jeffrey Prince Bradley appeals the denial of his petition for a writ of habeas corpus, wherein he contends several grounds for issuance of the writ. He was convicted of home invasion, burglary, second degree kidnapping using a deadly weapon, and of being an ex-felon in possession of a firearm.

Bradley alleges constitutional error as follows: (1) failure to sever the trial on the first three offenses from the ex-felon in possession of a firearm; (2) admission of hearsay testimony at trial; (3) prosecutorial misconduct in failing to disclose a plea agreement signed in exchange for the victim's testimony; and (4) ineffective assistance of counsel. All fail because there was no prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

The testimony and evidence at trial was more than ample to prove every element of each offense of which Bradley was convicted beyond a reasonable doubt. None of the errors above, even if true, diminish this fact. The mention of Bradley's prior convictions was *de minimis* and accompanied by limiting instructions. *See Zafiro v. United States*, 506 U.S. 534, 540, 113

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 933, 122 L.Ed.2d 317 (1993) (holding that juries are presumed to have complied with limiting instructions). Furthermore, there is little to suggest that the prior convictions were used to fill in any evidentiary gaps. *See Bean v. Calderon,* 163 F.3d 1073, 1086 (9th Cir.1998). The balance of Bradley's grounds fail to establish that but for the errors the jury would have decided differently, or that they resulted in a conviction unsupported by other evidence. *See United States v. Nielsen,* 371 F.3d 574, 581 (9th Cir.2004).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.